## NATIONAL LABOR RELATIONS BOARD v. SMITH VICTORY CORP.

No. 250 Docket 21961.

United States Court of Appeals. Second Circuit.

Argued May 3, 1951.

Decided June 1, 1951.

---

1. Stebel v. Connecticut Co., 90 Conn. 24, 96 A. 171.
2. Wigmore, § 2509.
3. Orlo v. Connecticut Co., 128 Conn. 231, 237, 21 A.2d 402.

she undertook to present a demand for a wage increase upon behalf of the employees in the respondent's "bobby pin" department. That finding alone is enough, if valid, to justify an order under §§ 8 (a)(1) and 8 (a)(3).[1] The respondent's defense seems to rest upon a mistaken understanding of the recent decision of the Supreme Court in Universal Camera Corporation v. National Labor Relations Board, 340 U.S. 474,. 71 S.Ct. 456, that we are to review findings of the Board *de novo* and reverse them when we should reverse those of a district judge. It is unnecessary here to attempt to appraise what changes that decision may have made in our powers of review, because the finding of the Board is amply, indeed conclusively, supported by the testimony of Kerker, the respondent's "executive vice-president," that he discharged Mc-Masters because she came to ask for the wage increase, and not because her production was too low and her "scrap" was too high. Kerker's declarations made in his affidavit verified before the hearing, which he confirmed on the stand, show that, when he discharged McMasters, he did not tell her that he did so because of the poor quality of her work; but only because, as he did tell her, that he did not want "dissatisfied" employees in the respondent's factory, which under the circumstances was so transparently a euphemism for his resentment at her demand that discussion is unnecessary. True, he did testify that in fact the reason why he discharged her was the record of her production, and we need not say that that record might not have justified—though it by no means compelled —a finding that she had been less efficient than the average employee; but, even if the evidence had compelled such a finding, it would not have followed that her inefficiency was the reason for her discharge. It is extremely unlikely that, if it had been, Kerker would have suppressed it and told her, instead, that she was unsatisfactory because she was discontented. Upon the evidence before us we should unhesitatingly have held that a judge's finding to the same effect was not "clearly erroneous," and Universal Camera Corporation v. National

George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, Arnold Ordman and John E. Jay, all of Washington, D. C., National Labor Relations Board.

Saperston, McNaughton & Saperston, Buffalo, N. Y., Howard T. Saperston, Buffalo, N. Y., for respondent.

Before L. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

The only issue of any importance upon this motion to enforce the Board's order is whether substantial evidence supports the finding that the respondent discharged its employee, McMasters, because

1. §§ 158(a) (1) and 158(a) (3), Title 29 U.S.C.A.

58

Labor Relations Board, supra, did not make the findings of the Board as vulnerable as those of a judge.

█ It is not necessary to discuss whether McMasters should be now reinstated after the lapse of two years. That question is for the Board, recourse to which is open to the respondent, notwithstanding our order of enforcement.

Order enforced.